Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Special and Limited Appearance*
*Counsel for the Benjamin Srigley,*
*Cynthia Srigley, and Srigley*
*Development Company, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-116-ELG |
| | ) | |
| TOUCHSTONE REMODELERS, LLC, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| | ) | |
| WENDELL WEBSTER, in his Capacity as Chapter 7 Trustee for Touchstone Remodelers, LLC | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Adv. Case No. 25-10009-ELG |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN ROBERT SRIGLEY, CYNTHIA TYBURCZY SRIGLEY, TOUCHSTONE REMODELERS, LLC, SRIGLEY DEVELOPMENT COMPANY, LLC, | ) ) ) ) ) | |
| Defendant. | ) | |

## MOTION TO DISMISS

Come now, via limited and special appearance, Benjamin Srigley ("Mr. Srigley"), Cynthia Srigley ("Ms. Srigley"), and Srigley Development Company, LLC ("SDCL") (collectively, the

1

"Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5), and move this Honorable Court to dismiss the above-captioned action, and in support thereof states as follows:

## I.    Introduction

Wendell Webster (the "Trustee") has now intervened in this litigation and docketed an amended complaint, DE #27 (the "Complaint"), but he has not requested fresh summonses or taken about effectuating proper service of process on Mr. Srigley, Ms. Srigley, or SDCL. None of the Defendants were validly served with the original pleading—or the original summonses—in this case and the mere docketing of an amended pleading does not much cure that core problem.

To be sure, in the absence of service, this Honorable Court is without personal jurisdiction over the Defendants. And it is thusly proper to dismiss this suit for want of proper service and, by necessary extension, an absence of personal jurisdiction.

## II.    Standard

The Federal Rules of Civil Procedure allow a litigant to challenge, by preliminary motion, "lack of personal jurisdiction," Fed. R. Civ. P. 12(b)(2), and "insufficient service of process," Fed. R. Civ. P. 12(b)(5).

As observed by the United States District Court for the District of Columbia, a failure to effectuate proper service is "fatal" to a lawsuit and militates in favor of dismissal thereof:

> "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." Failure to effect proper service is thus a "fatal" jurisdictional defect, and is grounds for dismissal.

*Jouanny v. Embassy of Fr.*, 220 F. Supp. 3d 34, 38 (D.D.C. 2016) (quoting *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007); *Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Solutions, Inc.*, 550 F. Supp. 2d 23, 26 (D.D.C. 2008)).

### III.   Argument: There is No Valid Service of Process

At no point in time have any of the Defendants actually been served in this case. It is not merely that there is a failure to timely deliver a now-expired summons, or a failure to properly serve either of the loquacious pleadings docketed herein. It is, rather, that there has been absolutely no lawful service, whatsoever, on any of the three Defendants.

As the Supreme Court has made clear, "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946).

Federal Rule of Bankruptcy Procedure 7004(b) permits service by first-class mail in limited and well-defined circumstances:

> (1) an individual may be served by mailing the summons and complaint to the person's dwelling house, usual place of abode, or the place where the individual regularly conducts a business or profession. . .
>
> (3) a domestic corporation, partnership, or other unincorporated association must be served by mailing to the attention of an officer, managing or general agent, or an agent authorized by law to receive service. . .

Fed. R. Bankr. P. 7004(b).

Although mail service is permitted, courts have repeatedly held that its use requires a heightened degree of care. As a sister court has explained, "a higher standard of care" is required when using the "abbreviated procedure by mail," precisely because of the jurisdictional and due process implications involved. *McElhaney v. Student Loan Servs. (In re McElhaney),* 142 B.R. 311, 31 (Bankr. E.D. Ark. 1992). *See also In re S. Indus. Banking Corp.*, 205 B.R. 525, 533 (E.D. Tenn. 1996).

Moreover, mailing to a respondent's last known address is insufficient if the respondent is not living at that address at the time service is attempted. *In re Barry*, 330 B.R. 28, 33 (Bankr. D. Mass. 2005). And even receipt of actual notice does not cure technically defective service where

3

the court has not acquired personal jurisdiction. *In re Valeu*, 53 B.R. 549, 553 (Bankr. D.N.D. 1985). Here, Plaintiff failed to properly serve any of the named Defendants, and thus the Court lacks personal jurisdiction over them. Each attempted service in this case has been facially defective.

Service was attempted upon Benjamin Srigley by mailing the summons and complaint to the debtor's bankruptcy counsel, Maurice VerStandig, at The Belmont Firm. However, Rule 7004(b)(1) requires service on an individual at their dwelling or regular place of business—not through a third-party law office. Service on an attorney is ineffective unless that attorney is expressly or impliedly authorized to accept service on the individual's behalf. *See Reckling v. Okechuku,* 2007 U.S. Dist. LEXIS 62874 (D.N.J. Aug. 27, 2007). Plaintiff has neither alleged nor established that Mr. VerStandig had such authority, or that he ever represented Mr. Srigley in his personal capacity in this adversary proceeding.

Service was similarly attempted upon Touchstone Remodelers, LLC[1] and Srigley Development Company, LLC by mailing process to The Belmont Firm, again "c/o Benjamin Srigley." Under Rule 7004(b)(3), service on an entity must be directed to an officer or agent at the entity's business address. Although Touchstone Remodelers, LLC retained Mr. VerStandig in connection with its bankruptcy, such representation does not create express or implied authority for Mr. VerStandig to accept service in an adversary proceeding. As *Reckling* confirms, "an attorney does not necessarily become an agent authorized in every instance to receive service of process." *Reckling*, 2007 U.S. Dist. LEXIS 62874, at *12. Implied authority must be based on specific conduct and context—none of which are present here.

---

[1] Undersigned counsel does not represent Touchstone Remodelers, LLC, nor is it clear how—or why—the Trustee would be suing his own estate.

4

In fact, the disclosure of compensation in the underlying bankruptcy case expressly disclaims adversary representation. See *McGranahan v. Notman (In re Notman)*, 2015 WL 5025265, at *3 (Bankr. E.D. Cal. Aug. 21, 2015) (recognizing and enforcing attorney agreements limiting representation to the main case and excluding adversary proceedings).

Cynthia Srigley was mailed process "c/o U.S. Food and Drug Administration." There is absolutely no indication that this is Ms. Srigley's residence, place of business, or any other authorized address for service. There is also no evidence that the FDA is authorized to accept service on her behalf. This effort does not satisfy the plain requirements of Rule 7004(b)(1).

In none of the above instances did service occur upon a Defendant at a location authorized under Rule 7004. Nor has there been filed any document indicating that a Defendant had designated the address used, or that their counsel had consented to accept service on their behalf. As such, none of the Defendants are properly before the Court.

The fact that any Defendant may have received actual notice is immaterial. As the Supreme Court has explained, "failure to give notice [or proper service] violates the most rudimentary demands of due process." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988). The Third Circuit is equally clear that actual knowledge cannot cure defective service. *See Stranahan Gear Co. v. NL Indus.,* 800 F.2d 53, 56–58 (3d Cir. 1986).

In short, because there has not been compliance with the service requirements of Rule 7004, dismissal is warranted under Fed. R. Civ. P. 12(b)(5), made applicable to adversary proceedings through Fed. R. Bankr. P. 7012(b). No Defendant has been brought within the Court's jurisdiction, and any further proceedings would contravene due process.

### IV. Conclusion

WHEREFORE, the Defendants respectfully pray this Honorable Court dismiss this suit and afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 26, 2025

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Telephone: (202) 991-1101
E-mail: mac@dcbankruptcy.com
*Limited Special Appearance Counsel for Counsel for the Benjamin Srigley, Cynthia Srigley, and Srigley Development Company, LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of November, 2025, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig