Benjamin Robert Srigley
Cynthia Srigley
7248 SW 57th Ln
Ocala, FL 34474
843-608-1557
ctsrigley@gmail.com
*Filing pro se*



**FILED**

FEB 2 6 2026

Clerk, U.S. District and
Bankruptcy Courts

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-116-ELG |
| | ) | |
| TOUCHSTONE REMODELERS, LLC, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| WENDELL WEBSTER, in his Capacity | ) | |
| as Chapter 7 Trustee for Touchstone | ) | |
| Remodelers, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Case No. 25-10009-ELG |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN ROBERT SRIGLEY, | ) | |
| CYNTHIA TYBURCZY SRIGLEY, | ) | |
| TOUCHSTONE REMODELERS, | ) | |
| LLC, | ) | |
| SRIGLEY DEVELOPMENT COMPANY, | ) | |
| LLC, | ) | |
| Defendant. | ) | |

## AMENDED ANSWER TO AMENDED COMPLAINT AND
## AFFIRMATIVE AND OTHER DEFENSES

Defendants, Benjamin Robert Srigley and Cynthia Srigley ("Defendants"), respectfully

submit this Amended Answer and Affirmative and Other Defenses to the Amended Complaint

[Doc. # 24-1] (the "Complaint") filed by Wendell W. Webster, in his capacity as Chapter 7



RECEIVED
Mail Room

FEB 2 6 2026

Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia

1

trustee for Touchstone Remodelers, LLC, ("Plaintiff"), and in support thereof respectfully state as follows:

### PRELIMINARY STATEMENT

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 2 of the Complaint, but, to the extent necessary, deny such allegations. Mr. Srigley operated the Debtor with honor and integrity, using cash assets and credit for legitimate business expenses. Mr. Srigley personally guaranteed all business credit card and loan debts, which directly conflicts with allegations of draining the Debtor and walking away unscathed.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore deny these allegations.

6. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 6 of the Complaint, but, to the extent necessary, deny such allegations.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 9 of the Complaint, but, to the extent necessary, deny such allegations.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 12 of the Complaint, but, to the extent necessary, deny such allegations.

13. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 13 of the Complaint, but, to the extent necessary, deny such allegations.

14. Defendants admit the allegations in Paragraph 14 of the Complaint.

15. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore deny these allegations.

16. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 16 of the Complaint, but, to the extent necessary, deny such allegations.

17. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 17 of the Complaint, but, to the extent necessary, deny such allegations.

18. Defendants deny the allegations in Paragraph 18 of the Complaint. With the expectation of prevailing in the Arbitration Action, the Debtor (Touchstone Remodelers, LLC) did not "shut down its business" but rather, ceased field operations and maintained a skeleton staff until the Arbitration Action was resolved.

19. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 19 of the Complaint, but, to the extent necessary, deny such allegations.

20. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 20 of the Complaint, but, to the extent necessary, deny such allegations.

21. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 21 of the Complaint, but, to the extent necessary, deny such allegations.

## JURISDICTION AND VENUE

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required.

23. Paragraph 23 of the Complaint states a jurisdictional allegation and legal conclusion to which no response is required.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required.

## PARTIES

25. Defendants admit the allegations in Paragraph 25 of the Complaint.

26. Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint. Ms. Srigley was, at all times relevant, a legal stranger to the Debtor. She was not an owner, officer, or director of the Debtor and never held a position that created fiduciary duty.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants admit the allegations in Paragraph 29 of the Complaint.

30. Defendants admit the allegations in Paragraph 30 of the Complaint.

## FACTUAL ALLEGATIONS

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 32 of the Complaint, but, to the extent necessary, deny such allegations.

33. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 33 of the Complaint, but, to the extent necessary, deny such allegations.

34. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 34 of the Complaint, but, to the extent necessary, deny such allegations.

35. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 35 of the Complaint, but, to the extent necessary, deny such allegations.

36. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 36 of the Complaint and therefore deny these allegations. Records for the 2020 calendar year are not available.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants admit the allegations in Paragraph 39 of the Complaint. The biweekly Owner Draws of $3,300.00 (effective since, at least, January 2019) were compensation for Mr. Srigley's role in the business and were discontinued in May 2022 to preserve the remaining available funds to cover existing liabilities during the ongoing Arbitration Action.

40. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 40 of the Complaint and therefore deny these allegations.

41. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 41 of the Complaint, but, to the extent necessary, deny such allegations.

42. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 42 of the Complaint, but, to the extent necessary, deny such allegations.

43. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 43 of the Complaint and therefore deny these allegations. Calendar year 2020 coincided with the Covid-19 pandemic. While the demand for and productivity of field work slowed, due to social distancing and quarantine requirements, Mr. Srigley elected to keep the employees on payroll, which impacted profitability for the year.

44. Paragraph 44 is omitted from the Complaint.

45. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 45 of the Complaint and therefore deny these allegations. The Covid-19 pandemic impacted profitability for the 2020 calendar year.

46. Defendants admit the allegations in Paragraph 46 of the Complaint. The Covid-19 pandemic and disagreement on the construction project for the Original Plaintiffs impacted profitability for the 2021 calendar year.

47. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 47 of the Complaint and therefore deny these allegations. Records for credit and loan accounts are not available.

48. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 48 of the Complaint, but, to the extent necessary, deny such allegations.

49. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 49 of the Complaint and therefore deny these allegations. Records for credit and loan accounts are not available.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 51 of the Complaint, but, to the extent necessary, deny such allegations.

52. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 52 of the Complaint and therefore deny these allegations. Records for the 2020 calendar year are not available. While any records indicating the recipients of day labor ATM withdrawals are unavailable, the use of day labor is common in the construction industry.

53. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 53 of the Complaint and therefore deny these allegations. Records for the 2020 calendar year are not available. QuickBooks records are not available.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 55 of the Complaint, but, to the extent necessary, deny such allegations. PPP Loans were used to maintain operations and employee payroll during the Covid-19 pandemic.

56. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 56 of the Complaint and therefore deny these allegations. Records for the 2020 calendar year are not available.

57. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 57 of the Complaint and therefore deny these allegations. Records for the 2020 calendar year are not available.

58. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 58 of the Complaint and therefore deny these allegations. Records for the 2020 calendar year are not available.

59. Defendants admit the allegations in Paragraph 59 of the Complaint.

60. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 60 of the Complaint, but, to the extent necessary, deny such allegations.

61. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 61 of the Complaint, but, to the extent necessary, deny such allegations.

62. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 62 of the Complaint and therefore deny these allegations.

63. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 63 of the Complaint, but, to the extent necessary, deny such allegations.

64. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 64 of the Complaint, but, to the extent necessary, deny such allegations.

65. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 65 of the Complaint, but, to the extent necessary, deny such allegations.

66. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 66 of the Complaint and therefore deny these allegations.

67. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 67 of the Complaint, but, to the extent necessary, deny such allegations.

68. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 68 of the Complaint, but, to the extent necessary, deny such allegations.

69. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 69 of the Complaint, but, to the extent necessary, deny such allegations.

70. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 70 of the Complaint and therefore deny these allegations.

71. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 71 of the Complaint, but, to the extent necessary, deny such allegations.

72. Defendants admit the allegations in Paragraph 72 of the Complaint.

73. Paragraph 73 does not contain factual allegations that require a response. To the extent required, the allegations are denied.

74. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 74 of the Complaint, but, to the extent necessary, deny such allegations.

75. Defendants admit the allegations in Paragraph 75 of the Complaint.

76. Paragraph 76 is omitted from the Complaint.

77. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 77 of the Complaint and therefore deny these allegations. Credit card statements are not available.

78. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 78 of the Complaint and therefore deny these allegations. Credit card statements are not available.

79. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 79 of the Complaint and therefore deny these allegations.

80. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 80 of the Complaint and therefore deny these allegations. Credit card statements are not available.

81. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 81 of the Complaint and therefore deny these allegations. Records for the 2020 calendar year are not available.

82. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 82 of the Complaint, but, to the extent necessary, deny such allegations.

83. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 83 of the Complaint, but, to the extent necessary, deny such allegations.

84. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 84 of the Complaint and therefore deny these allegations. Records for the 2020 calendar year are not available.

85. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 85 of the Complaint and therefore deny these allegations.

86. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 86 of the Complaint and therefore deny these allegations.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants admit the allegations in Paragraph 88 of the Complaint.

89. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 89 of the Complaint and therefore deny these allegations.

90. Defendants admit the allegations in Paragraph 90 of the Complaint.

91. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 91 of the Complaint, but, to the extent necessary, deny such allegations.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 93 of the Complaint, but, to the extent necessary, deny such allegations. All available business records for the Debtor were surrendered to the Former Trustee at the outset of the Case. Prior business records stored on the Microsoft domain and QuickBooks were lost due to failed payment cancellation.

94. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 94 of the Complaint, but, to the extent necessary, deny such allegations.

95. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 95 of the Complaint, but, to the extent necessary, deny such allegations.

96. Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 96 of the Complaint and therefore deny these allegations.

97. Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 97 of the Complaint, but, to the extent necessary, deny such allegations.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants admit the allegations in Paragraph 100 of the Complaint.

101.    Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 101 of the Complaint, but, to the extent necessary, deny such allegations.

102.    Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 102 of the Complaint, but, to the extent necessary, deny such allegations.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants admit the allegations in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations in Paragraph 106 of the Complaint.

107.    Defendants admit the allegations in Paragraph 107 of the Complaint.

108.    Defendants admit the allegations in Paragraph 108 of the Complaint.

109.    Defendants admit the allegations in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants admit the allegations in Paragraph 111 of the Complaint.

112.    Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 112 of the Complaint and therefore deny these allegations.

113.    Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 113 of the Complaint and therefore deny these allegations.

114.    Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    Defendants admit the allegations in Paragraph 118 of the Complaint.

119.    Defendants have insufficient knowledge to admit or deny the allegations
contained in Paragraph 119 of the Complaint and therefore deny these allegations.

120.    Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    Defendants have insufficient knowledge to admit or deny the allegations
contained in Paragraph 121 of the Complaint and therefore deny these allegations. Credit
card records are not available.

122.    Defendants are not required to admit or deny Plaintiff's opinion statements in
Paragraph 122 of the Complaint, but, to the extent necessary, deny such allegations.

123.    Defendants deny the allegations in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations in Paragraph 124 of the Complaint.

125.    Defendants are not required to admit or deny Plaintiff's opinion statements in
Paragraph 125 of the Complaint, but, to the extent necessary, deny such allegations.

126.    Defendants are not required to admit or deny Plaintiff's opinion statements in
Paragraph 126 of the Complaint, but, to the extent necessary, deny such allegations.

127.    Defendants admit the allegations in Paragraph 127 of the Complaint.

128.    Defendants have insufficient knowledge to admit or deny the allegations
contained in Paragraph 128 of the Complaint and therefore deny these allegations.

129.    Defendants have insufficient knowledge to admit or deny the allegations
contained in Paragraph 129 of the Complaint and therefore deny these allegations.

130.     Defendants have insufficient knowledge to admit or deny the allegations
contained in Paragraph 130 of the Complaint and therefore deny these allegations.

131.     Defendants have insufficient knowledge to admit or deny the allegations
contained in Paragraph 131 of the Complaint and therefore deny these allegations.

132.     Defendants have insufficient knowledge to admit or deny the allegations
contained in Paragraph 132 of the Complaint and therefore deny these allegations.

133.     Defendants have insufficient knowledge to admit or deny the allegations
contained in Paragraph 133 of the Complaint and therefore deny these allegations.

134.     Defendants are not required to admit or deny Plaintiff's opinion statements in
Paragraph 134 of the Complaint, but, to the extent necessary, deny such allegations.

135.     Defendants admit the allegations in Paragraph 135 of the Complaint.

136.     Defendants have insufficient knowledge to admit or deny the allegations
contained in Paragraph 136 of the Complaint and therefore deny these allegations.

137.     Defendants are not required to admit or deny Plaintiff's opinion statements in
Paragraph 137 of the Complaint, but, to the extent necessary, deny such allegations.

138.     Defendants are not required to admit or deny Plaintiff's opinion statements in
Paragraph 138 of the Complaint, but, to the extent necessary, deny such allegations.

139.     Defendants are not required to admit or deny Plaintiff's opinion statements in
Paragraph 139 of the Complaint, but, to the extent necessary, deny such allegations.

140.     Defendants have insufficient knowledge to admit or deny the allegations
contained in Paragraph 140 of the Complaint and therefore deny these allegations.

141.     Defendants admit the allegations in Paragraph 141 of the Complaint.

142.     Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 142 of the Complaint, but, to the extent necessary, deny such allegations.

143.     Defendants deny the allegations in Paragraph 143 of the Complaint.

144.     Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 144 of the Complaint, but, to the extent necessary, deny such allegations.

145.     Defendants deny the allegations in Paragraph 145 of the Complaint.

146.     Defendants deny the allegations in Paragraph 146 of the Complaint.

147.     Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 147 of the Complaint and therefore deny these allegations.

148.     Defendants are not required to admit or deny Plaintiff's opinion statements in Paragraph 148 of the Complaint, but, to the extent necessary, deny such allegations.

## COUNT ONE [I]

149.     Defendants deny the allegations in Paragraph 149 of the Complaint.

150.     Defendants deny the allegations in Paragraph 150 of the Complaint.

151.     Defendants deny the allegations in Paragraph 151 of the Complaint.

152.     Defendants deny the allegations in Paragraph 152 of the Complaint.

153.     Defendants deny the allegations in Paragraph 152 of the Complaint.

154.     Defendants deny the allegations in Paragraph 154 of the Complaint.

155.     Defendants deny the allegations in Paragraph 155 of the Complaint.

156.     Defendants deny the allegations in Paragraph 156 of the Complaint.

157.     Paragraph 157 does not contain factual allegations that require a response. To the extent required, the allegations are denied.

158.     Defendants deny the allegations in Paragraph 158 of the Complaint.

159.     Defendants deny the allegations in Paragraph 159 of the Complaint.

160.     Paragraph 160 does not contain factual allegations that require a response. To the
extent required, the allegations are denied.

## COUNT TWO [III]

161.     Defendants deny the allegations in Paragraph 161 of the Complaint.

162.     Defendants deny the allegations in Paragraph 162 of the Complaint.

163.     Defendants deny the allegations in Paragraph 163 of the Complaint.

164.     Defendants deny the allegations in Paragraph 164 of the Complaint.

165.     Defendants deny the allegations in Paragraph 165 of the Complaint.

166.     Defendants deny the allegations in Paragraph 166 of the Complaint.

167.     Defendants deny the allegations in Paragraph 167 of the Complaint.

168.     Defendants deny the allegations in Paragraph 168 of the Complaint.

169.     Paragraph 169 is omitted from the Complaint.

170.     Defendants deny the allegations in Paragraph 170 of the Complaint.

171.     Paragraph 171 does not contain factual allegations that require a response. To the
extent required, the allegations are denied.

172.     Defendants deny the allegations in Paragraph 172 of the Complaint.

173.     Defendants deny the allegations in Paragraph 173 of the Complaint.

174.     Paragraph 174 does not contain factual allegations that require a response. To the
extent required, the allegations are denied.

## COUNT THREE [III]

175.     Defendants deny the allegations in Paragraph 175 of the Complaint.

176.     Paragraph 176 does not contain factual allegations that require a response. To the extent required, the allegations are denied.

177.     Defendants deny the allegations in Paragraph 177 of the Complaint.

178.     Defendants deny the allegations in Paragraph 178 of the Complaint.

179.     Defendants deny the allegations in Paragraph 179 of the Complaint.

180.     Defendants deny the allegations in Paragraph 180 of the Complaint.

181.     Defendants deny the allegations in Paragraph 181 of the Complaint.

182.     Defendants deny the allegations in Paragraph 182 of the Complaint.

183.     Defendants deny the allegations in Paragraph 183 of the Complaint.

184.     Defendants deny the allegations in Paragraph 184 of the Complaint.

185.     Paragraph 185 does not contain factual allegations that require a response. To the extent required, the allegations are denied.

186.     Defendants deny the allegations in Paragraph 186 of the Complaint.

187.     Defendants deny the allegations in Paragraph 187 of the Complaint.

188.     Paragraph 188 does not contain factual allegations that require a response. To the extent required, the allegations are denied.

## COUNT FOUR [IV]

189.     Defendants deny the allegations in Paragraph 189 of the Complaint.

190.     Paragraph 190 does not contain factual allegations that require a response. To the extent required, the allegations are denied.

191.     Paragraph 191 is omitted from the Complaint.

192.     Defendants deny the allegations in Paragraph 192 of the Complaint.

193.     Defendants deny the allegations in Paragraph 193 of the Complaint.

194.     Defendants deny the allegations in Paragraph 194 of the Complaint.

195.     Defendants deny the allegations in Paragraph 195 of the Complaint.

196.     Defendants deny the allegations in Paragraph 196 of the Complaint.

197.     Defendants deny the allegations in Paragraph 197 of the Complaint.

198.     Defendants deny the allegations in Paragraph 198 of the Complaint.

199.     Paragraph 199 does not contain factual allegations that require a response. To the

extent required, the allegations are denied.

200.     Defendants deny the allegations in Paragraph 200 of the Complaint.

201.     Defendants deny the allegations in Paragraph 201 of the Complaint.

202.     Paragraph 202 does not contain factual allegations that require a response. To the

extent required, the allegations are denied.

### COUNT FIVE [V]

203.     Defendants deny the allegations in Paragraph 203 of the Complaint.

204.     Defendants deny the allegations in Paragraph 204 of the Complaint.

205.     Defendants deny the allegations in Paragraph 205 of the Complaint.

206.     Defendants deny the allegations in Paragraph 206 of the Complaint.

207.     Defendants deny the allegations in Paragraph 207 of the Complaint.

208.     Defendants deny the allegations in Paragraph 208 of the Complaint.

209.     Defendants deny the allegations in Paragraph 209 of the Complaint.

### COUNT SIX [VI]

210.     Defendants deny the allegations in Paragraph 210 of the Complaint.

211.     Defendants deny the allegations in Paragraph 211 of the Complaint.

212.     Defendants deny the allegations in Paragraph 212 of the Complaint.

213.        Defendants deny the allegations in Paragraph 213 of the Complaint.

214.        Defendants deny the allegations in Paragraph 214 of the Complaint.

215.        Defendants deny the allegations in Paragraph 215 of the Complaint.

## COUNT SEVEN [VII]

216.        Defendants deny the allegations in Paragraph 216 of the Complaint.

217.        Defendants deny the allegations in Paragraph 217 of the Complaint.

218.        Defendants deny the allegations in Paragraph 218 of the Complaint.

219.        Defendants deny the allegations in Paragraph 219 of the Complaint.

220.        Defendants deny the allegations in Paragraph 220 of the Complaint.

221.        Defendants deny the allegations in Paragraph 221 of the Complaint.

## COUNT EIGHT [VIII]

222.        Defendants deny the allegations in Paragraph 222 of the Complaint.

223.        Defendants deny the allegations in Paragraph 223 of the Complaint.

224.        Defendants deny the allegations in Paragraph 224 of the Complaint.

225.        Defendants deny the allegations in Paragraph 225 of the Complaint.

226.        Defendants deny the allegations in Paragraph 226 of the Complaint.

227.        Defendants deny the allegations in Paragraph 227 of the Complaint.

228.        Defendants deny the allegations in Paragraph 228 of the Complaint.

229.        Defendants deny the allegations in Paragraph 229 of the Complaint.

230.        Defendants deny the allegations in Paragraph 230 of the Complaint.

231.        Defendants deny the allegations in Paragraph 231 of the Complaint.

232.        Defendants deny the allegations in Paragraph 232 of the Complaint.

233.        Defendants deny the allegations in Paragraph 233 of the Complaint.

234.    Defendants deny the allegations in Paragraph 234 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants reserve the right to supplement or amend this Amended Answer, including the assertion of any affirmative or other defenses.

## CONCLUSION AND REQUEST FOR RELIEF

This adversary proceeding was filed by Federico and Angela Bandi, Original Plaintiffs and unsecured judgment creditors of the Debtor, when the original trustee, William Douglas White, elected not to pursue litigation claims upon the review of their allegations against the Defendants of a grand scheme of fraud and conspiracy. The story they tell is one-sided, ignoring their role in the failure of their construction project: their incompetence and extreme delays in decision making; their withholding of known deficiencies to the property prior to contract signing; their hostility toward neighbors and critical project stakeholders, including the architect, engineer, and District of Columbia building inspector; and the irreconcilable differences that stemmed from their demands for additional uncompensated services, not included in the contractual obligations. The reckless actions of these Original Plaintiffs caused significant material and labor costs and unrecoverable damage to the Debtor, a business that had a long history of profitability; successful vendor, subcontractor, and employee relations; an unblemished record of safety, inspections, and licensure; and repeat VIP clients. As such, the Defendants believe that the details of the Complaint are not being considered in proper context: the challenges experienced with the Original Plaintiffs and the Covid-19 pandemic conditions that existed during their project. Furthermore, the Debtor managed to successfully complete and close out all other construction projects that occurred during the period in question, and there are

no other former clients or subcontractors that have brought claims against the Debtor or the Defendants.

The Defendants respectfully request that the Court: (i) dismiss the Complaint with prejudice; (ii) deny any and all relief requested by the Plaintiff; (iii) enter a take-nothing judgment as to all of the Plaintiff's claims; and (iv) award the Defendants any such other and further relief as the Court deems just and proper.

Accompanying this Amended Answer is an application for appointment of pro bono counsel. The Defendants reserve the right to supplement or amend this Amended Answer based on the appointment of said counsel.

Dated: February 23, 2026                    Respectfully submitted,


Benjamin Robert Srigley
7248 SW 57th Ln
Ocala, FL 34474
843-608-0203
srigleyben@gmail.com

and


Cynthia Srigley
7248 SW 57th Ln
Ocala, FL 34474
843-608-1557
ctsrigley@gmail.com


*Filing pro se*

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on this 23rd day of February, 2026, a copy of the foregoing Amended

Answer was served by first class mail, postage prepaid and electronic mail, upon:


Janey M. Nesse (DC Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Proposed Counsel to the Trustee*


Benjamin Robert Srigley
7248 SW 57th Ln
Ocala, FL 34474
843-608-0203
srigleyben@gmail.com

and


Cynthia Srigley
7248 SW 57th Ln
Ocala, FL 34474
843-608-1557
ctsrigley@gmail.com


*Filing pro se*