

**FILED**

JUN 1 2 2026

Clerk, U.S. District and
Bankruptcy Courts

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

In re:
TOUCHSTONE REMODELERS, LLC,
      Debtor.

WENDELL W. WEBSTER,
Chapter 7 Trustee,
      Plaintiff,

v.

BENJAMIN ROBERT SRIGLEY,
CYNTHIA TYBURCZY SRIGLEY,
TOUCHSTONE REMODELERS, LLC, and
SRIGLEY DEVELOPMENT COMPANY, LLC,
      Defendants.

Case No. 23-00116-ELG
(Chapter 7)

Adversary No. 25-10009-ELG

## DEFENDANTS' MOTION FOR LEAVE TO FILE OUT OF TIME AND, UPON LEAVE GRANTED, STATEMENT OF NON-CONSENT TO ENTRY OF FINAL ORDERS, MOTION FOR OTHER APPROPRIATE RELIEF UNDER PARAGRAPH 7 OF THE SCHEDULING ORDER, AND DEMAND FOR JURY TRIAL

Defendants Benjamin Robert Srigley and Cynthia Srigley (together, the "Defendants"), appearing pro se, respectfully move this Court pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) for leave to file, three days out of time, their response to Paragraph 7 of the Scheduling Order entered May 8, 2026 (ECF No. 51) (the "Scheduling Order"), and, upon leave granted, respectfully (i) state that they do not consent to the entry of final orders or judgments by the Bankruptcy Court on any claim as to which such consent is required, (ii) move for other appropriate relief as expressly contemplated by Paragraph 7, and (iii) demand a trial by jury on Counts I through IV of the Amended Complaint (ECF No. 27). Pursuant to Local Rule 9013-1,

1



RECEIVED
Mail Room

JUN 1 2 2026

Angela D. Caesar. Clerk of Court
U.S. Bankruptcy Court. District of Columbia

this motion incorporates Defendants' statement of points and authorities. In support, Defendants state as follows:

## I. INTRODUCTION

This motion arises from a failure of notice, promptly cured. The Scheduling Order was entered on May 8, 2026. The Bankruptcy Noticing Center's Certificate of Notice appended to the Scheduling Order (ECF No. 51) reflects that the only notice of the Scheduling Order directed to Defendants, or to anyone on their behalf, was sent to The Belmont Firm: by mail to the office of Maurice B. VerStandig, Esq., whose limited engagement by Defendants had concluded before entry of the Scheduling Order, and by electronic transmission to Mr. VerStandig and to Christianna Cathcart, Esq., who is affiliated with that firm. No copy was mailed or transmitted to Defendants, who have appeared pro se throughout the recent history of this proceeding, including by filing their Amended Answer pro se on February 23, 2026 (ECF No. 46) and by appearing pro se at the May 6, 2026 scheduling conference. Defendants did not receive the Scheduling Order from Mr. VerStandig, from Ms. Cathcart, or from any other person or source. Defendants first learned of the Scheduling Order on June 10, 2026, during a review of the docket, and file this motion within three days of that discovery. The thirty-day period prescribed by Paragraph 7 expired on Monday, June 8, 2026. *See* Fed. R. Bankr. P. 9006(a)(1)(C) (thirtieth day, June 7, 2026, fell on a Sunday). Defendants accordingly seek leave to act three days out of time.

## II. BACKGROUND

1. The Plaintiff, Wendell W. Webster, Chapter 7 Trustee, prosecutes this adversary proceeding on an Amended Complaint (ECF No. 27) pleading eight counts against Defendants, including avoidance of allegedly fraudulent transfers under 11 U.S.C. §§

548 and 544(b) (Counts I–IV) and claims arising under non-bankruptcy law (Counts V–VIII).

2. Defendants answered the Amended Complaint pro se on February 23, 2026 (ECF No. 46). Neither Defendant has filed a proof of claim against the bankruptcy estate.

3. Earlier in this proceeding, Mr. VerStandig appeared on Defendants' behalf for limited purposes. That engagement concluded on or about February 16, 2026, although no notice of withdrawal appears on the docket. Since that time, Defendants have represented themselves, and their pro se filings and appearances are reflected on the docket.

4. On May 6, 2026, Defendants appeared pro se, via Zoom, at the scheduling conference in this proceeding.

5. On May 8, 2026, the Court entered the Scheduling Order (ECF No. 51). Paragraph 7 of the Scheduling Order provides: "Any party not consenting to the entry of a final order by the Bankruptcy Court shall file a motion to withdraw the reference or for other appropriate relief within 30 days of the entry of this Scheduling Order and promptly set the motion for a hearing. The failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Court."

6. The Bankruptcy Noticing Center's Certificate of Notice appended to the Scheduling Order (ECF No. 51), a copy of which is attached hereto as Exhibit A, reflects that the Scheduling Order was mailed to Mr. VerStandig's office address and transmitted electronically to Mr. VerStandig and to Christianna Cathcart, who is affiliated with The

3

Belmont Firm, and was not mailed or transmitted to Defendants at their address in Ocala, Florida.

7. Defendants did not receive the Scheduling Order from Mr. VerStandig, from Ms. Cathcart, or from any other person or source.

8. Defendants first learned of the Scheduling Order and its Paragraph 7 deadline on June 10, 2026, while reviewing the docket through the Court's public records system. Defendants promptly filed a Notice of Change of Address and Request for Direct Noticing and prepared this motion, filed within three days of discovery.

## III. ARGUMENT

**A. Leave Should Be Granted Under Rule 9006(b)(1) Because the Brief Delay Resulted from Excusable Neglect.**

Federal Rule of Bankruptcy Procedure 9006(b)(1) authorizes the Court, on motion made after a deadline has expired, to permit an act to be done out of time "where the failure to act was the result of excusable neglect." The governing standard is set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), itself a bankruptcy case concerning a missed court-set deadline. *Pioneer* directs courts to consider all relevant circumstances, including (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, including whether it was within the movant's reasonable control, and (4) whether the movant acted in good faith. *Id.* at 395.

Each factor favors Defendants. First, the Trustee suffers no prejudice: discovery has not commenced in earnest, no trial date is imminent, and nothing in the proceeding has occurred in reliance on Defendants' silence during the brief period at issue. Second, the delay is three days —

the deadline expired Monday, June 8, 2026, and this motion follows within days — a delay with no conceivable impact on the administration of this proceeding. Third, the reason for the delay was not within Defendants' reasonable control: the Scheduling Order was mailed and transmitted electronically only to former counsel whose engagement had concluded, was never mailed to Defendants directly, and was not forwarded to them. Defendants could not respond to an order they did not know existed. Fourth, Defendants' good faith is demonstrated by the record: they have answered, appeared at the scheduling conference, engaged in settlement discussions, and — upon discovering the Scheduling Order on June 10, 2026 — acted within days to correct the noticing records and file this motion.

**B. The Deemed-Consent Provision Should Not Be Applied to Defendants Because Any Consent Must Be Knowing and Voluntary.**

Under *Stern v. Marshall*, 564 U.S. 462 (2011), a bankruptcy court may not constitutionally enter final judgment on certain claims absent the parties' consent. In *Wellness International Network, Ltd. v. Sharif*, 575 U.S. 665 (2015), the Supreme Court held that such consent may be express or implied, but emphasized that it must be "knowing and voluntary" — the litigant must be made aware of the need for consent and the right to refuse it. Defendants respectfully submit that silence in the face of an order they never received cannot constitute knowing and voluntary consent. The deemed-consent provision of Paragraph 7 presupposes that the party charged with the deadline received notice of it. Because the Certificate of Notice shows the Scheduling Order was not mailed to Defendants, the predicate for deemed consent is absent, and Paragraph 7's deemed-consent provision should not be applied to them.

**C. Statement of Non-Consent and Request for Other Appropriate Relief Under Paragraph 7.**

Paragraph 7 directs a non-consenting party to file "a motion to withdraw the reference or for other appropriate relief." Defendants proceed under the second clause and respectfully state and request as follows. Defendants do not consent to the entry of final orders or judgments by the Bankruptcy Court on any claim in this adversary proceeding as to which the Court may not constitutionally or statutorily enter final judgment absent the parties' consent, including any non-core claim and any claim within the scope of *Stern v. Marshall*. Defendants respectfully request that, as to any such claim, the Court proceed in the manner provided by 28 U.S.C. § 157(c)(1), submitting proposed findings of fact and conclusions of law to the United States District Court. *See Executive Benefits Insurance Agency v. Arkison*, 573 U.S. 25 (2014) (holding that a claim a bankruptcy court may not finally adjudicate under *Stern* should proceed under 28 U.S.C. § 157(c)(1), with the bankruptcy court issuing proposed findings and conclusions for de novo review by the district court). Defendants further do not consent to the conduct of a jury trial by the Bankruptcy Court under 28 U.S.C. § 157(e). Defendants do not at this time move to withdraw the reference, and they reserve the right to seek withdrawal of the reference at the appropriate juncture, including if and when this proceeding becomes ready for trial. Defendants submit that this measured course — which leaves pretrial management with this Court — is "other appropriate relief" within the meaning of Paragraph 7 and conserves the resources of both courts and the parties.

**D. Demand for Jury Trial on Counts I Through IV.**

Defendants demand a trial by jury on Counts I through IV of the Amended Complaint, and on all other claims and issues in this adversary proceeding triable of right by a jury. Counts I through IV seek money judgments on fraudulent-transfer theories under 11 U.S.C. §§ 548 and 544(b). In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), the Supreme Court held that a

6

defendant sued by a trustee to recover an allegedly fraudulent transfer, who has not filed a claim against the estate, retains a Seventh Amendment right to a jury trial. *Accord Langenkamp v. Culp*, 498 U.S. 42 (1990) (per curiam) (jury right turns on whether the defendant has filed a claim against the estate). Neither Defendant has filed a proof of claim. The constitutional right therefore attaches to Counts I through IV.

This demand is made pursuant to Federal Rule of Civil Procedure 38(b), made applicable by Federal Rule of Bankruptcy Procedure 9015. To the extent the Court concludes that the time for a demand under Rule 38(b) has passed, Defendants respectfully move in the alternative for a jury trial under Federal Rule of Civil Procedure 39(b), which permits the Court, on motion, to order a jury trial on any issue for which a jury might have been demanded. The same circumstances set forth above — Defendants' pro se status, the failure of notice, and their prompt action upon discovery — support the exercise of the Court's discretion, and no prejudice to the Trustee would result from preserving the jury right at this early stage, before discovery has meaningfully begun.

## IV. RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that the Court enter an order, substantially in the form submitted herewith: (1) granting leave under Rule 9006(b)(1) for Defendants to respond to Paragraph 7 of the Scheduling Order out of time, and deeming this filing timely; (2) determining that the deemed-consent provision of Paragraph 7 does not apply to Defendants and that Defendants have not consented to the entry of final orders or judgments by the Bankruptcy Court on claims requiring such consent; (3) providing that, as to any such claim, the Court will proceed under 28 U.S.C. § 157(c)(1); (4) deeming Defendants' jury demand on Counts I through IV timely or, in the alternative, granting a jury trial on those counts under Rule 39(b); and (5) granting such other and further relief as is just.

In accordance with Paragraph 7 of the Scheduling Order, Defendants have obtained from the Courtroom Deputy a hearing date of July 1, 2026 and file herewith a Notice of Hearing.

Dated: June 11, 2026                                 Respectfully submitted,

Benjamin Robert Srigley
7248 SW 57th Ln
Ocala, FL 34474
843-608-0203
srigleyben@gmail.com


and


Cynthia Srigley
7248 SW 57th Ln
Ocala, FL 34474
843-608-1557
ctsrigley@gmail.com


*Filing pro se*

8

## DECLARATION OF BENJAMIN ROBERT SRIGLEY AND CYNTHIA SRIGLEY

We, Benjamin Robert Srigley and Cynthia Srigley, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. We are the Defendants in the above-captioned adversary proceeding and appear pro se. We make this declaration on personal knowledge.

2. Our mailing address is 7248 SW 57th Ln, Ocala, FL 34474, and has been our mailing address at all times since October 14, 2025.

3. We did not receive the Scheduling Order entered May 8, 2026 (ECF No. 51) by mail, by email, or by any other means at or near the time of its entry.

4. Our prior engagement of Maurice B. VerStandig, Esq., of The Belmont Firm was for limited purposes and concluded on or about February 16, 2026. We did not receive the Scheduling Order from Mr. VerStandig, from Ms. Cathcart, or from any other person or source.

5. We first learned of the Scheduling Order on June 10, 2026, while reviewing the docket of this proceeding through the Court's public records system.

6. Upon discovering the Scheduling Order, we promptly prepared and filed a Notice of Change of Address and Request for Direct Noticing and the foregoing motion.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2026.

_____
Benjamin Robert Srigley

_____
Cynthia Srigley

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, a true and correct copy of the foregoing Motion was served by first-class mail, postage prepaid, and by electronic mail, upon:

Justin P. Fasano, Esq.
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
301-441-2420
jfasano@mhlawyers.com
*Counsel to the Trustee*

Benjamin Robert Srigley
7248 SW 57th Ln
Ocala, FL 34474
843-608-0203
srigleyben@gmail.com

and

Cynthia Srigley
7248 SW 57th Ln
Ocala, FL 34474
843-608-1557
ctsrigley@gmail.com

*Filing pro se*

10