**FILED**

JUN 1 2 2026

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:
TOUCHSTONE REMODELERS, LLC,
        Debtor.

WENDELL W. WEBSTER,
Chapter 7 Trustee,
        Plaintiff,

v.

BENJAMIN ROBERT SRIGLEY,
CYNTHIA TYBURCZY SRIGLEY,
TOUCHSTONE REMODELERS, LLC, and
SRIGLEY DEVELOPMENT COMPANY, LLC,
        Defendants.

Case No. 23-00116-ELG
(Chapter 7)

Adversary No. 25-10009-ELG

## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE OUT OF TIME

## AND DETERMINING NON-CONSENT TO ENTRY OF FINAL ORDERS

Upon consideration of Defendants Benjamin Robert Srigley and Cynthia Srigley's Motion for Leave to File Out of Time and, Upon Leave Granted, Statement of Non-Consent to Entry of Final Orders, Motion for Other Appropriate Relief Under Paragraph 7 of the Scheduling Order, and Demand for Jury Trial (the "Motion"); the Court having considered the record, including the Certificate of Notice appended to the Scheduling Order entered May 8, 2026 (ECF No. 51); the Court finding that Defendants' failure to act within the time prescribed by Paragraph 7 of the Scheduling Order was the result of excusable neglect within the meaning of Federal Rule of Bankruptcy Procedure 9006(b)(1); and good cause appearing therefor, it is hereby:

ORDERED, that the Motion is GRANTED; and it is further

1



RECEIVED
Mail Room

JUN 1 2 2026

Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia

ORDERED, that Defendants' statement of non-consent, motion for other appropriate relief, and jury demand contained in the Motion are deemed timely filed under Paragraph 7 of the Scheduling Order; and it is further

ORDERED, that the deemed-consent provision of Paragraph 7 of the Scheduling Order shall not apply to Defendants, and Defendants shall not be deemed to have consented to the entry of final orders or judgments by the Bankruptcy Court on any claim as to which such consent is required; and it is further

ORDERED, that as to any claim in this adversary proceeding upon which this Court may not enter final judgment absent the parties' consent, this Court shall proceed in accordance with 28 U.S.C. § 157(c)(1); and it is further

ORDERED, that Defendants' demand for a jury trial on Counts I through IV of the Amended Complaint (ECF No. 27), and on all other claims and issues in this adversary proceeding triable of right by a jury, is deemed timely or, in the alternative, is granted pursuant to Federal Rule of Civil Procedure 39(b), made applicable by Federal Rule of Bankruptcy Procedure 9015, without prejudice to the parties' rights and positions concerning the forum in which any jury trial shall be conducted.

Copies to:
Justin P. Fasano, Esq., counsel for Plaintiff
Benjamin Robert Srigley and Cynthia Srigley, pro se Defendants
Office of the United States Trustee

2